PEOPLE, PLAINTIFF AND APPELLEE, v. MARTÍNEZ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Attempted Homicide.

No. 1783.—Decided July 10, 1922.

ASSAULT—MURDER—PLEADING—INFORMATION.—An information charging a crime
need not follow the exact words of the statute if the language used clearly
describes the crime; nor need an information charging assault to commit
murder specify the degree of murder.

ID.—ID.—ID.—ID.—OBJECTION.—An objection raised for the first time on appeal,
or after the jury is sworn, that the information was sworn to by the district
attorney instead of being presented by a 'grand jury can not avail a defend-
ant if the information shows that it was presented by a grand jury. The
objection is one of form and should be raised at the proper time.

ID.—ID.—SELF-DEFENSE—INSTRUCTIONS TO JURY.—When there is evidence of self-
defense the defendant is entitled to specific instructions on self-defense,
whether or not they are expressly asked for by his counsel.

ID.—ID.—INTERROGATORIES OF JURORS.—While jurors have a right to interrogate
the witnesses it is not necessary for the court to invite questions, as it is
a delicate matter for counsel to object to questions of the jurors. The ex-
amination of witnesses should be left to counsel.

The facts are stated in the opinion.

*Mr. E. López Tizol* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

An information, not otherwise bad, sufficiently describes
an assault to commit murder, which, instead of using the
word "murder" says that defendant "with deliberation and
premeditation attempted to kill." It is unnecessary to use
the exact words of the statute if the language used describes
the offense. We have so held several times and recently in
the case of *People v. Avilés, ante,* page 782.

Nor is it necessary that an information should say whether
the assault was to commit murder in the first or second
degree, a matter which we shall discuss further in consider-
ing the verdict.

Raised for the first time on appeal, or after the jury is
sworn, an objection that the information appears to be sworn

to by the *fiscal* instead of being presented by a grand jury cannot avail a defendant if it sufficiently appears in the information that it was presented by the grand jury. The objection is one of form and should be duly raised.

When a witness testifies to a conversation he overheard between the defendant and a third person, it is not necessary first to call such third person. Admissions or confessions not otherwise objectionable may be offered in evidence no matter to whom they are made. It is not error to refuse to permit a witness to testify to the reputation of the prosecuting witness for violence, unless the evidence is offered in connection with the facts tending to show that the reputation for violence was known to the defendant. *People* v. *Sutton,* 17 P. R. R. 327; *People* v. *Lanausse, ante,* page 679.

On cross-examination it is not improper for the *fiscal* to ask a witness whether he is testifying of his own knowledge or because he was told, providing the form of the question is not offensive. This is a matter in the sound discretion of the court.

Generally, questions as to whether a witness has been in jail should only be allowed, on objection, when the answer would tend to show some moral depravity in the witness. It is extremely doubtful whether some of the witnesses attacked on cross-examination were guilty of such moral depravity. The extent to which the cross-examination may go in this regard is a matter that should be carefully considered by the *fiscal* at a new trial.

The ninth point, or alleged seventh error of the court, is the most important in this case. There was undisputed evidence that the defendant and Amadeo Elias, the prosecuting witness, had a quarrel originating in divergent politics; that, whatever the provocation, Amadeo Elías, a more powerful man, struck the defendant, threw him to the ground and there kicked him. Although there was evidence that the two men ostensibly parted amicably, and although there was

evidence that the defendant sought for and obtained a pistol with the intention of using it against Elias, yet the defendant and other witnesses gave testimony tending to show that when the defendant was approaching his own home, Elias came up behind and said, "Are you still up?" or words to that effect, and again set upon the defendant; that the defendant then fired the three shots, of which shooting there is ample proof in the record; that the defendant testified that the pistol was in his possesion the whole time and that he did not use it in the first encounter because he had no opportunity; that he was afraid of Elias because of his greater strength and because of the previous encounter.

The court in its instructions told the jury that the theory of the defense was self-defense, such theory being, in other words, that the defendant had sufficient provocation to commit the acts charged against him. Then the court proceeded to review the evidence of the defense. In the course of its summing up the court told the jury several times that if they found the defendant had acted in self-defense they should acquit him, or words to that effect. Thereafter the defense asked the court to instruct the jury in regard to reasonable doubt, which the court did. Then the attorney for the defense asked the court to instruct as to self-defense. Thereupon the court said, and evidently in the presence of the jury, "I cannot give instructions to the jury in regard to self-defense because there is no evidence to that effect." This was unmistakably erroneous.

Of course, as we have recently pointed out in *People* v. *Lanausse, supra,* if there is no evidence of self-defense the court is not bound to instruct in regard to it. Here, however, there was strong evidence, which, if believed, tended to show self-defense. The jury might not have believed the witnesses for the defense, but the court had no right to say there was no evidence of self-defense. It almost looks as if there was some mistake in the record, especially as the court had

previously told the jury that if they believed the defendant had acted in self-defense they might acquit.

We have generally held that defendant is entitled to specific instructions on self-defense where the testimony tends that way. Sometimes it might be advisable practice for counsel to present a specific prayer covering the facts, but without such petition a defendant has a right to instructions in general terms defining when the right to self-defense arises. The situation of defendant with the jury may have been aggravated by the remarks of the judge.

The verdict of the jury was not null and void by reason of its form. The jury found the defendant guilty of an assault with intent to commit manslaughter. The objection is that the jury should have said whether the defendant was guilty of assault to commit "voluntary manslaughter" or "involuntary manslaughter." Now, in the absence of a showing to the contrary we are convinced that while murder and manslaughter are divided into degrees, assault to commit either murder or any other felony is single and indivisible. It is the assault to commit a particular felony that the law punishes, whether such felony is itself divisible into degrees or not. The verdict of the jury would have been justified by section 223 of the Penal Code, as follows:

"Sec. 223.—Every person who is guilty of an assault, with intent to commit any felony, except and assault to commit murder, the punishment for which assault is not prescribed by the preceding section, is punishable by imprisonment in the penitentiary not exceeding five years, or in jail not exceeding one year, or by fine not exceeding five hundred dollars, or by both."

Whether the crime for which defendant was convicted was included in the crime charged in the information, is a matter of which we have some doubts. The court should examine the question independently of our doubt.

There were other errors assigned in the brief currently, but without an assignment of errors. Therefore, we shall

not discuss the remaining errors, either because they were not well founded or may be easily avoided at the new trial.

A number of times during the progress of the trial, after a witness had finished, the court asked the jury if any one of them wanted to ask a question. This is not desirable practice. While of course a juryman has a right to interrogate, it is not necessary for the court to invite questions, as it is a delicate matter for either counsel to object to the questions of the jury. Generally, the examination of witnesses should be left to counsel.

The judgment must be reversed and a new trial ordered.

*Reversed and new trial ordered.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.